UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NOEL CIAPPETTA,

                            Plaintiff,

        -against-

BARRY SNYDER, PGD IV LLC and PGT
TRUCKING, INC.,

                         Defendants.
-------------------------------------------------------------------X

**REPORT AND
RECOMMENDATION
CV 15-4427 (JMA)(ARL)**

**LINDSAY, Magistrate Judge:**

Plaintiff Noel Ciappetta ("Plaintiff") brings this diversity action against Defendants Barry

Snyder, PGD IV LLC and PGT Trucking, Inc. (collectively "Defendants") for injuries sustained

as a result of a motor vehicle accident occurring on November 19, 2014. Before the Court, on

referral from Judge Azrack, is Defendants' motion for summary judgment. ECF No. 45. For the

reasons set forth below, the undersigned respectfully recommends that Defendants' motion be

denied without prejudice.

## DISCUSSION

### I.    Local Rule 56.1

Defendants have failed to follow the directives of Rule 56.1 of the Local Civil Rules of

the United States District Courts for the Southern and Eastern Districts of New York ("Local

Rule 56.1"). Local Rule 56.1 requires a party moving for summary judgment to submit a

statement of the allegedly undisputed facts on which the moving party relies, together with

citation to the admissible evidence in the record supporting each such fact. *See* Local Rule

56.1(a), (d). Failure to submit such a statement may constitute grounds for denial of the motion.

*Id.*; *See, e.g., Jarry v. Nat'l Collegiate Student Loan Tr. 2005-3*, No. 18-cv-0315, 2019 U.S. Dist.

LEXIS 20295, 2019 WL 1517106, at *1 (E.D.N.Y. Feb. 6, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 30487, 2019 WL 1517096 (E.D.N.Y. Feb. 26, 2019); *Taylor v. Always Ready & Reliable Sec., Inc.*, No. 13-cv-8524 (CM), 2014 U.S. Dist. LEXIS 155282, 2014 WL 5525745 (S.D.N.Y. Oct. 27, 2014); *Vanbrocklen v. Gupta*, No. 09-cv-897, 2010 U.S. Dist. LEXIS 36482, 2010 WL 1492328, at *2 (W.D.N.Y. Mar. 24, 2010), report and recommendation adopted, 2010 U.S. Dist. LEXIS 36509, 2010 WL 1492337 (W.D.N.Y. Apr. 13, 2010); *Searight v. Doherty Enters., Inc.*, No. 02-cv-604, 2005 U.S. Dist. LEXIS 42681, 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005); *Martinez v. Headley*, No. 99-cv-1735, 2001 U.S. Dist. LEXIS 4666, 2001 WL 483448, at *1 (E.D.N.Y. Jan. 18, 2001).

"District courts have broad discretion about how to enforce local rules." *Taylor*, 2014 U.S. Dist. LEXIS 155282, 2014 WL 5525745, at *1. Here, Defendants have not even provided a statement of facts in their Memorandum of Law in Support of Defendants' Motion For Summary Judgment. Rather, Defendants simply attach 853 pages to the motion with no discussion of the relevant undisputed facts. Moreover, Defendants' failure to comply with Local Rule 56.1 has lead to Plaintiff's failure to provide the Court with a counter statement as required by the rule.

Accordingly, it is respectfully recommended that the Defendants' motion be denied, without prejudice.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF, except in the case of a party proceeding *pro se*. *Pro se* Plaintiff Noel Ciappetta must file his objections in

writing with the Clerk of the Court within the prescribed time period noted above. Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within this period waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997).

Counsel for Defendants is directed to serve a copy of this Order upon *pro se* Plaintiff forthwith and file proof of service on ECF.

Dated:  Central Islip, New York
        January 9, 2020

                                    _____/s/_____
                                    ARLENE ROSARIO LINDSAY
                                    United States Magistrate Judge